**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50340 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00521-PA |
| v. | |
| RAUL EDUARDO GARCIA-PINA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Raul Eduardo Garcia-Pina appeals from the district court's judgment and

challenges the 46-month sentence imposed on remand following his guilty-plea

conviction for possession with intent to distribute heroin, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(C).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Garcia-Pina contends that the district court erred in denying his requested mitigating role reduction under U.S.S.G § 3B1.2. Specifically, Garcia-Pina argues that all five factors set forth in Amendment 794 ("the Amendment") favor a downward adjustment, *see* U.S.S.G § 3B1.2 cmt. n.3(C), and are not outweighed by the additional aggravating factors relied upon by the district court.

We review the district court's application of the Guidelines to the facts of Garcia-Pina's case for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The record demonstrates that on remand the court properly considered the factors set forth in the Amendment, as well as "other reasons for granting or denying a minor role reduction," *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), and acted within its discretion in finding that Garcia-Pina was not "substantially less culpable than the average participant in the criminal activity." U.S.S.G § 3B1.2 cmt. n.3(A); *see also Quintero-Leyva*, 823 F.3d at 523 (once the court has considered all the factors, it may grant or deny a reduction even if some of the factors weigh toward the opposite result). Contrary to Garcia-Pina's contention, the district court did not make any findings that were "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

17-50340

Garcia-Pina's motion to take judicial notice and the government's motion to strike portions of Garcia-Pina's opening brief are denied. The government's motions to seal its response to Garcia-Pina's motion, the answering brief, its excerpts of record and the motions to seal them are granted. Garcia-Pina's motion to seal the reply brief and the motion to seal itself is granted. The Clerk shall maintain under seal the documents at docket entry numbers 14, 15, 18, and 19.

**AFFIRMED.**